**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4169**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL TYKWAN ATKINSON, a/k/a Mitch,

Defendant - Appellant.

**No. 23-4170**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL TYKWAN ATKINSON,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00058-D-1; 7:22-cr-00064-D-1)

Submitted:  October 19, 2023                    Decided:  October 24, 2023

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Tykwan Atkinson appeals his conviction and 105-month sentence following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He also appeals the revocation of his supervised release, for which the district court imposed a consecutive 15-month prison term. On appeal, Atkinson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the district court's calculation of the Sentencing Guidelines range and its explanation of Atkinson's revocation sentence. Though notified of his right to do so, Atkinson has not filed a pro se supplemental brief. We affirm.

Generally, we review a defendant's sentence "for reasonableness, applying a deferential abuse of discretion standard." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (internal quotation marks omitted). When considering a Guidelines challenge, "we review the district court's legal conclusions de novo and its factual findings for clear error." *Id.* (cleaned up).

In calculating the Guidelines range, the district court determined that Atkinson's two prior convictions for distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), counted as controlled substance offenses, thereby resulting in a base offense level of 26. *See* U.S. Sentencing Guidelines Manual § 2K2.1(a)(1) (2021). *Anders* counsel questions whether the § 841(a)(1) distribution offenses can qualify as controlled substance offenses in light of *United States v. Campbell*, 22 F.4th 438, 440-49 (4th Cir. 2022) (concluding that prior conviction under West Virginia drug distribution statute that

3

criminalizes attempt was improper predicate for Guidelines enhancement because attempt offense cannot be treated as "controlled substance offense" in Guidelines calculations). However, as *Anders* counsel correctly concedes, this argument is foreclosed by our recent decision in *United States v. Groves*, 65 F.4th 166, 171-74 (4th Cir. 2023) (holding "that a § 841(a)(1) distribution offense is not categorically disqualified from being treated as a 'controlled substance offense' under Guidelines section 4B1.2(b)"), *petition for cert. filed*, No. 23-5591 (U.S. Sept. 15, 2023).

Next, *Anders* counsel questions whether the district court adequately explained its revocation sentence. "A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "The court must also include in its explanation the assurance that the court considered any potentially meritorious arguments raised by the parties with regard to sentencing." *Id.* at 436-37 (internal quotation marks omitted). Our

4

review of the record confirms that the district court sufficiently considered Atkinson's mitigation arguments and explained why they failed to outweigh the egregious breach of trust occasioned by Atkinson's commission of a felony while on supervised release.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform Atkinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Atkinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Atkinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*